IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15CR228 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ROBERT TOTH, | ) | <u>PROPOSED JURY INSTRUCTIONS</u> |
| | ) | |
| Defendant. | ) | |
| | ) | |

     The United States of America, by and through its counsel, Steven M. Dettelbach, United States Attorney for the Northern District of Ohio, and Chelsea S. Rice and Bridget M. Brennan, Assistant U.S. Attorneys, respectfully requests that the Court charge the jury with the following instructions. The United States is prepared to submit additional, amended, or alternative instructions on any aspect of this case should the Court or the circumstances require.

Counsels also submit verdict forms.

/s/ Bridget M. Brennan
Bridget M. Brennan (OH 0072603)
Chelsea S. Rice (OH: 0076905)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3810/3752
(216) 522-7358 (facsimile)
Bridget.Brennan@usdoj.gov
Chelsea.Rice@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of January 2016, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Chelsea S. Rice
Chelsea S. Rice
Assistant United States Attorney

## <u>INDEX OF PROPOSED JURY INSTRUCTIONS</u>

GENERAL PRINCIPLES-INTRODUCTION ............................................................. 1

JURORS' DUTIES.................................................................................................... 2

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT ............ 3

EVIDENCE DEFINED ............................................................................................. 5

CONSIDERATION OF EVIDENCE .......................................................................... 7

DIRECT AND CIRCUMSTANTIAL EVIDENCE ....................................................... 8

CREDIBILITY OF WITNESSES .............................................................................. 9

LAWYERS' OBJECTIONS ..................................................................................... 12

DEFINING THE CRIME AND RELATED MATTERS-INTRODUCTION ............................ 13

SEPARATE CONSIDERATION—SINGLE DEFENDANT CHARGED WITH MULTIPLE
CRIMES................................................................................................................ 14

DEFINITION OF LESSER OFFENSE ...................................................................... 15

ON OR ABOUT ..................................................................................................... 17

INFERRING REQUIRED MENTAL STATE............................................................... 18

CHARGES SET FORTH IN THE INDICTMENT...................................................... 19

NATURE & STATUTE DEFINING THE OFFENSES AS CHARGED IN COUNT 1 ............ 20

ELEMENTS OF THE OFFENSE DEPRIVATION OF RIGHTS UNDER COLOR OF LAW AS
CHARGED IN COUNT 1 ....................................................................................... 21

NATURE & STATUTE DEFINING THE OFFENSES AS CHARGED IN COUNT 2............ 23

NATURE & STATUTE DEFINING THE OFFENSES AS CHARGED IN COUNT 3............ 28

INTRODUCTION .................................................................................................. 30

DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE......................... 31

DEFENDANT'S TESTIMONY ................................................................................ 32

WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS .................................. 33

iv

TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED ............... 34

FLIGHT, CONCEALMENT OF EVIDENCE, FALSE EXCULPATORY STATEMENTS ..... 35

TRANSCRIPTIONS OF TAPE RECORDINGS ......................................................... 36

JUDICIAL NOTICE ..................................................................................................... 37

STATEMENT BY DEFENDANT ............................................................................... 38

DELIBERATIONS AND VERDICT-INTRODUCTION ........................................... 39

EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS . 40

UNANIMOUS VERDICT ............................................................................................ 42

DUTY TO DELIBERATE ........................................................................................... 43

PUNISHMENT ............................................................................................................. 44

VERDICT FORM ......................................................................................................... 45

LESSER OFFENSE, ORDER OF DELIBERATIONS, VERDICT FORM ................................ 46

COURT HAS NO OPINION ....................................................................................... 47

JUROR NOTES ............................................................................................................ 48

ADDENDUM: PROPOSED JURY VERDICT FORMS ............................................. 49

## GENERAL PRINCIPLES-INTRODUCTION

(1)    Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)    I will start by explaining your duties and the general rules that apply in every criminal case.

(3)    Then I will explain the elements, or parts, of the crime that the defendant, ROBERT TOTH, is accused of committing.

[(4) Then I will explain the defendant's position.]

(5)    Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)    And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)    Please listen very carefully to everything I say.

**Use Note**

Bracketed paragraph (4) should be included only when the defendant has raised a defense that requires some explanation, like alibi, entrapment, insanity, duress or self-defense, or when a defense theory instruction will be given.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.01 (2014 Edition).

1

## JURORS' DUTIES

(1)      You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)      Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

[(3)      The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.]

(4)      Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Use Note**

Bracketed paragraph (3) should be included only when the lawyers have talked about the law during their arguments. If the instructions are given before closing arguments, the language of this paragraph should be modified accordingly.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.02 (2014 Edition).

2

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

(1)     As you know, the defendant has pleaded not guilty to the crime charged in the indictment.  The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing.  It does not even raise any suspicion of guilt.

(2)     Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable

doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.03 (2014 Edition).

## EVIDENCE DEFINED

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence. And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

       (5)      Make your decision based only on the evidence, as I have defined it here, and

nothing else.

**Use Note**

In paragraph (2), provisions on stipulations and judicial notice are bracketed and should be used
only if relevant. If the court has taken judicial notice of a fact, Instruction 7.19 should be given
later in the instructions.
Paragraph (4) should also be tailored depending on what has happened during the trial.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.04 (2014 Edition).

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.05 (2014 Edition).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.06 (2014 Edition).

## CREDIBILITY OF WITNESSES

(1)     Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest?  Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

[(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time

9

that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

      (G)    And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

      (3)    These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

**Use Note**

Bracketed paragraph (2)(F) should be included when a witness has testified inconsistently, or has said or done something at some other time that is inconsistent with the witness's testimony. It should be tailored to the particular kind of inconsistency (i.e. either inconsistent testimony on the stand, or inconsistent out-of-court statements or conduct, or both).  The bracketed failure-to-act language should be included when appropriate.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.07 (2014 Edition).

**NUMBER OF WITNESSES**

(1)     One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.08 (2014 Edition).

**LAWYERS' OBJECTIONS**

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)     The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.09 (2014 Edition).

### DEFINING THE CRIME AND RELATED MATTERS-INTRODUCTION

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment (and the lesser charges that I will explain to you).  Your job is limited to deciding whether the government has proved the crime charged (or one of those lesser charges).

[(3)     Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.]

**Use Note**

Any changes made in paragraphs (2) and (3) should be made in paragraphs (1) and (2) of Instruction 8.08 as well.  Bracketed paragraph (3) should be included only if the possible guilt of others has been raised during the trial. Modifications of this paragraph may be necessary in conspiracy, aiding and abetting, alibi or mistaken identification cases, where the possible guilt of others may be a legitimate issue.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 2.01 (2014 Edition).

## SEPARATE CONSIDERATION—SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

(1)     The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2)     Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 2.01A (2014 Edition).

## DEFINITION OF LESSER OFFENSE

(1)     If you find the defendant not guilty of _____ [or if after making every reasonable effort to reach a unanimous verdict on that charge, you find that you cannot agree], then you must go on to consider whether the government has proved the lesser charge of _____.

(2)     The difference between these two crimes is that to convict the defendant of the lesser charge of _____ , the government does not have to prove _____.  This is an element of the greater charge, but not the lesser charge.

(3)     For you to find the defendant guilty of the lesser charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A)     First, that the defendant [fully define the prohibited acts and/or results required to convict].

(B)     Second, that he did so [fully define the mental state required to convict].

[(C)     Third, that [fully define any other elements required to convict].]

[(4)     Insert applicable definitions of terms used here.]

(5)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

[(6)     Insert applicable explanations of any matters not required to convict here.]

**Use Note**

The bracketed language in paragraph (1) should be added if the court believes that the jurors should be permitted to consider a lesser offense even though they have not unanimously acquitted the defendant of the charged offense.

Bracketed paragraph (3)(C) should be included when the crime cannot be broken down neatly into two elements.  Additional paragraphs should be added as needed to cover all the elements.

15

Bracketed paragraph (4) should be included when terms used in paragraphs (3)(A-C) require further explanation.

Bracketed paragraph (6) should be included when it would be helpful to explain matters that need not be proved in order to convict.  When used, a final sentence should be included for balance emphasizing what it is that the government must prove to convict.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 2.03 (2014 Edition).

**ON OR ABOUT**

(1)     Next, I want to say a word about the date mentioned in the indictment.

(2)     The indictment charges that the crime happened "on or about" dates stated for the various counts.  The government does not have to prove that the crime happened on those exact dates.  But the government must prove that the crime happened reasonably close to those dates.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 2.04 (2014 Edition).

## INFERRING REQUIRED MENTAL STATE

(1)      Next, I want to explain something about proving a defendant's state of mind.

(2)      Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)      But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

**Use Note**

The bracketed language in paragraph (4) should be used only when there is some evidence of a potentially probative failure to act.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 2.08 (2014 Edition).

## CHARGES SET FORTH IN THE INDICTMENT

(1)     Defendant ROBERT TOTH is charged with the following: one count of Deprivation of Right Under Color of Law, in violation of Title 18, United States Code, Sections 242 and 2; one count of Destruction, Alteration, or Falsification of Records in Federal Investigation, in violation of Title 18, United States Code, Sections 1519 and 2; and one count of Tampering with Witness Victim of Informant, in violation of Title 18, United States Code, Section 1512(c)(2).

(2)     The defendant has pleaded not guilty to the charges.

Authority:

Indictment, filed 6/24/15, Case No. 1:15CR228 (U.S. District Court, ND Ohio).

**NATURE & STATUTE DEFINING THE OFFENSES AS CHARGED IN COUNT 1**
**(Deprivation of Rights Under Color of Law-18 U.S.C. § 242**
**Aiding & Abetting Deprivation of Rights Under Color of Law-18 U.S.C. § 2)**

(1)    Count 1 of the indictment charges Defendant ROBERT TOTH with the crimes of Deprivation of Rights Under Color of Law or Aiding & Abetting Deprivation of Rights Under Color of Law, Title 18, United States Code, Sections 242 and 2.

(2)    The relevant statutes as charged in Count 1 are Title 18, United States Code, Sections 242 and 2.

(3)    The indictment charges Count 1 of the offense as follows:

A.    On or about April 24, 2014, in the Northern District of Ohio, Eastern Division, Defendant ROBERT TOTH, while acting under color of law and in his capacity as a detective with the City of Westlake Police Department, caused bodily injury to T.A., thereby willfully depriving him of the right, secured and protected by the Constitution and laws of the United States, to be free from the use of unreasonable force by a law enforcement officer.


Authority:

Indictment, filed 6/24/15, Case No. 1:15CR228 (U.S. District Court, ND Ohio).

18 U.S.C. §§ 242 and 2.

### ELEMENTS OF THE OFFENSE DEPRIVATION OF RIGHTS UNDER COLOR OF LAW AS CHARGED IN COUNT 1
### (Deprivation of Rights Under Color of Law-18 U.S.C. § 242)

(1)     In order to sustain its burden of proof for the crime of deprivation of a constitutional right under color of law as charged in Count 1 of the indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

(A)     T.A. was in the state of Ohio;

(B)     Defendant ROBERT TOTH there deprived this individual of a right which is secured or protected by the Constitution or laws of the United States;

(C)     Defendant ROBERT TOTH acted under the color of law when depriving the individual of a constitutional right;

(D)     Defendant ROBERT TOTH acted willfully to deprive the individual of such right; and

(E)     T.A. suffered bodily harm as a result of the acts of the Defendant ROBERT TOTH. [Defendant used a dangerous weapon.]

(2)     Now I will give you more detailed instructions on some of these terms.

(A)     The phrase "under color of any law" means the real or purported use of authority provided by law.  A person acts "under color of any law" when that person acts in his official capacity or claims to act in his official capacity.  Acts committed "under color of any law" of a state include not only the actions of officials within the limits of their lawful authority, but also the actions of state officials who exceed the limits of their lawful authority while purporting or claiming to act in performance of their official duties.  "Under color of any law" of a state means not only state laws, but also acts done by an official under color of any ordinance of any county or municipality, or any regulation issued by a state, county or municipal official,

21

and even includes acts done under color of some state or local custom.  The phrase "under color of any law", therefore, includes all acts, both lawful and unlawful, done under the real, purported, or claimed authority of any state law, or any county or municipal ordinance, or any regulation issued by a state, county or municipal officer, or any state or local custom.

(B)     To act "willfully" is to act voluntarily and deliberately.  In this case the government must prove that Defendant ROBERT TOTH intended to deprive the person identified in the indictment of a right protected by the Constitution, namely, the right to be free from the use of unreasonable force by a law enforcement officer.  Although the government must prove beyond a reasonable doubt that the defendant voluntarily and deliberately did an act that deprived the person identified in the indictment of a right guaranteed and protected by the Constitution, it is not necessary for the government to prove that the defendant knew that this action would actually violate anyone's constitutional rights.

(C)     Bodily injury means any injury to the body, no matter how temporary, and includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ or mental faculty; or other injury to the body, no matter how temporary.  Bodily injury does not include solely emotional or psychological harm to the victim.


Authority:

2 Fed. Jury Prac. & Instr. § 29:03 (6th ed.) (The essential elements of the offense charged)

2 Fed. Jury Prac. & Instr. § 29:04 (6th ed.) ("Under color of any law"—Defined)

2 Fed. Jury Prac. & Instr. § 29:05 (6th ed.) ("Willfully"—Defined)

18 U.S.C. 249(c)(1) ("Bodily Injury"—Defined)

18 U.S.C. 1365(h)(4) ("Bodily Injury"—Defined)

**NATURE & STATUTE DEFINING THE OFFENSES AS CHARGED IN COUNT 2**
**(Destruction, Alteration, or Falsification of Records in Federal Investigation-18 U.S.C. § 1519**
**Aiding & Abetting Deprivation of Right Under Color of Law-18 U.S.C. § 2)**

(1)    Count 2 of the indictment charges Defendant ROBERT TOTH with the crimes of

Destruction, Alteration, or Falsification of Records in Federal Investigation or Aiding &

Abetting Destruction, Alteration, or Falsification of Records in Federal Investigation, Title 18,

United States Code, Sections 1519 and 2.

(2)    The relevant statutes as charged in Count 1 are Title 18, United States Code,

Sections 1519 and 2.

(3)    The indictment charges Count 2 of the offense as follows:

A.    Between on or about April 25, 2014, and May 1, 2014, in the Northern

District of Ohio, Eastern Division, Defendant ROBERT TOTH, while acting in relation to and in

contemplation of a matter within the jurisdiction of an agency of the United States, knowingly

falsified a document, specifically an official report concerning the April 24, 2014, encounter with

and arrest of T.A., with the intent to impede, obstruct, and influence the investigation and proper

administration of that matter.


Authority:

Indictment, filed 6/24/15, Case No. 1:15CR228 (U.S. District Court, ND Ohio).

18 U.S.C. §§ 1519 and 2.

**ELEMENTS OF THE OFFENSE DESTRUCTION, ALTERATION, OR FALSIFICATION OF RECORDS IN FEDERAL INVESTIGATION AS CHARGED IN COUNT 2**
**(Destruction, Alteration, or Falsification of Records in Federal Investigation-18 U.S.C. § 1519)**

(1)     Title 18, United States Code, Section 1519 makes it a crime for anyone to knowingly alter [destroy][mutilate][conceal][cover up][falsify][make a false entry in] a record [document][tangible object] with the intent to impede [obstruct][influence] the investigation of [the proper administration of] a matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to [in contemplation of] such a matter.

(2)     For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(A)     First: That the defendant knowingly altered [destroyed][mutilated][concealed][covered up][falsified][made a false entry in] a record [document][tangible object];

(B)     Second: That the defendant acted with the intent to impede [obstruct][influence] the investigation [the proper administration of] in relation to [in contemplation of] a matter; and

(C)     Third: That the matter was within the jurisdiction of (name of agency or department), which is an agency [a department] of the United States.

(3)     There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

(4)     In order to meet its burden, the government does not have to prove that the defendant specifically knew that the matter or investigation was within the jurisdiction of a

department or agency of the United States.  In other words, you need not find that the defendant knew he was obstructing [impeding][influencing] a matter that was federal in nature.

     (5)    A "tangible object" is one used to record or preserve information.

Authority:

Pattern Crim. Jury Instr. 5th Cir. 2.65 (2015).

**ELEMENTS OF THE OFFENSE AIDING AND ABETTING AS CHARGED IN COUNTS 1
AND 2
(Aiding and Abetting-18 U.S.C. § 2)**

(1)      For you to find Defendant ROBERT TOTH guilty of Deprivation of Rights Under Color of Law (Count 1) or Destruction, Alteration, or Falsification of Records in Federal Investigation (Count 2), it is not necessary for you to find that he personally committed the crime.  You may also find him guilty if he intentionally helped [or encouraged] someone else to commit the crime.  A person who does this is called an aider and abettor.

(2)      But for you to find Defendant ROBERT TOTH guilty of Deprivation of Rights Under Color of Law (Count 1) or Destruction, Alteration, or Falsification of Records in Federal Investigation (Count 2) as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

      (A)     First, that the crime of Deprivation of Rights Under Color of Law (Count 1) or Destruction, Alteration, or Falsification of Records in Federal Investigation (Count 2) was committed.

      (B)     Second, that the defendant helped to commit the crime [or encouraged someone else to commit the crime].

      (C)     And third, that the defendant intended to help commit [or encourage] the crime.

(3)      Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4)      What the government must prove is that the defendant did something to help [or encourage] the crime with the intent that the crime be committed.

(5)      If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of Deprivation of Rights Under Color of Law (Count 1) or Destruction, Alteration, or Falsification of Records in Federal Investigation (Count 2) as an aider and abettor.

**Use Note**

The bracketed language in paragraphs (1), (2)(B), (2)(C) and (4) should be included when there is evidence that the defendant counseled, commanded, induced or procured the commission of the crime.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 4.01 (2014 Edition).

## NATURE & STATUTE DEFINING THE OFFENSES AS CHARGED IN COUNT 3
### (Tampering with a Witness, Victim, or Informant-18 U.S.C. § 1512(c)(2))

(1)     Count 3 of the indictment charges Defendant ROBERT TOTH with the crime of Tampering with a Witness, Victim, or Informant, Title 18, United States Code, Section 1512(c)(2).

(2)     The relevant statute as charged in Count 3 is Title 18, United States Code, Section 1512(c)(2).

(3)     The indictment charges Count 3 of the offense as follows:

A.     On or about May 3, 2014, in the Northern District of Ohio, Eastern Division, Defendat ROBERT TOTH did corruptly obstruct, influence and impede an official proceeding, and attempted to do so, by providing false information to a federal law enforcement officer concerning the circumstances of the April 24, 2014, encounter with and arrest of T.A.


Authority:

Indictment, filed 6/24/15, Case No. 1:15CR228 (U.S. District Court, ND Ohio).

18 U.S.C. § 1512(c)(2).

### ELEMENTS OF THE OFFENSE TAMPERING WITH A WITNESS, VICTIM, OR INFORMANT AS CHARGED IN COUNT 3
### (Tampering with a Witness, Victim, or Informant-18 U.S.C. § 1512(c)(2))

(1)      In order to sustain its burden of proof for the crime of tampering with a witness, victim, or informant as charged in Count 3 of the indictment, the government must prove the following essential element beyond a reasonable doubt:

      (A)      That Defendant ROBERT TOTH obstructed, influenced or impeded any official proceeding, or attempted to do so; and

      (B)      The defendant acted corruptly.

(2)      A person acts "corruptly" if he or she acts with the purpose of wrongfully impeding the due administration of justice.

(3)      If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

(4)      On the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.


Authority:

18 U.S.C. § 1512(c)(2).

18 U.S.C. § 1503 (which prohibits conduct similar to 18 U.S.C. § 1512(c)(2).

## INTRODUCTION

That concludes the part of my instructions explaining the elements of the crime [and the defendant's position].  Next I will explain some rules that you must use in considering some of the testimony and evidence.

**Use Note**

The bracketed language in the first sentence should be used when a defense has been explained or a defense theory instruction has been given.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 7.01 (2014 Edition).

**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

(1)      A defendant has an absolute right not to testify [or present evidence].  The fact that he did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)      Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

**Use Note**

The bracketed language in paragraph (1) should be included when the defense has not presented any evidence.  If there is more than one non-testifying defendant, and some, but not all, the defendants request this instruction, it should be given in general terms without using the defendants' names.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 7.02A (2014 Edition).

## DEFENDANT'S TESTIMONY

(1)     You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2)     You should consider those same things in evaluating the defendant's testimony.

**Use Note**

This instruction should be used when the defendant chooses to testify.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 7.02B (2014 Edition).

## WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

(1)     You have heard the testimony of _____, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

(2)     As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3)     As to the testimony on opinions, you do not have to accept _____'s opinion.  In deciding       how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4)     Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**Use Note**

If this instruction is given at the time the witness testifies, the language in paragraphs (2) and (3) referring to other instructions should be modified.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 7.03A (2014 Edition).

## TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY

(1)     You have heard the testimony of _____.  You have also heard that the government has promised him that [he will not be prosecuted for _____ ] [ he will _____] in exchange for his cooperation.

(2)     It is permissible for the government to make such a promise.  But you should consider _____'s testimony with more caution than the testimony of other witnesses.  Consider whether his testimony may have been influenced by the government's promise.

(3)     Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

**Use Note**

In paragraph (1) , the first bracketed language should be used when the plea agreement is based on a government promise not to prosecute; the second bracketed language should be used when the plea agreement is based on some other consideration, such as a recommendation for a reduced sentence.  It should also be used when the government and the defendant have a use immunity agreement.

This instruction may not be necessary when the witness's testimony has been materially corroborated.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 7.07 (2014 Edition).

34

**FLIGHT, CONCEALMENT OF EVIDENCE, FALSE EXCULPATORY STATEMENTS**

     (1)     You have heard testimony that after the crime was supposed to have been committed, the defendant _____.

     (2)     If you believe that the defendant _____, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged.  This conduct may indicate that he thought he was guilty and was trying to avoid punishment.  On the other hand, sometimes an innocent person may _____ for some other reason.

**Use Note**

The language in paragraphs (1) and (2) should be tailored to the specific kinds of evidence in the particular case.

<u>Authority:</u>

Pattern Crim. Jury Inst. 6th Cir. 7.14 (2014 Edition).

35

## TRANSCRIPTIONS OF TAPE RECORDINGS

(1)      You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

(2)      Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The tapes themselves are the evidence.  If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 7.17 (2014 Edition).

## JUDICIAL NOTICE

I have decided to accept as proved the fact that _____, even though no evidence was

presented on this point.  You may accept this fact as true, but you are not required to do so.

Committee Commentary 7.19
(current through March 15, 2014)

This instruction is based on Fed. R. Evid. 201(g).  It should be given whenever the court has
taken judicial notice of a fact.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 7.19 (2014 Edition).

**STATEMENT BY DEFENDANT**

(1)     You have heard evidence that the defendant, ROBERT TOTH, made a statement in which the government claims he admitted certain facts.  It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2)     You may not convict the defendant solely upon his own uncorroborated statement or admission.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 7.20 (2014 Edition).

## DELIBERATIONS AND VERDICT-INTRODUCTION

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

[(4)     If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.]

(5)     One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

**Use Note**

Bracketed paragraph (4) should be included if the exhibits are not being submitted to the jury except upon request.

<u>Authority:</u>

Pattern Crim. Jury Inst. 6th Cir. 8.01 (2014 Edition).

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

(1)      Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)      During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)      You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the

judicial process.  A juror who violates these restrictions jeopardizes the fairness of these

proceedings, and a mistrial could result, which would require the entire trial process to start over.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 8.02 (2014 Edition).

**UNANIMOUS VERDICT**

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)     To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)     To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous.


<u>Authority:</u>

Pattern Crim. Jury Inst. 6th Cir. 8.03 (2014 Edition).

## DUTY TO DELIBERATE

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 8.04 (2014 Edition).

**PUNISHMENT**

(1)     If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 8.05 (2014 Edition).

## VERDICT FORM

(1)     I have prepared a verdict form that you should use to record your verdict.  The form reads as follows: _____.

(2)     If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 8.06 (2014 Edition).

## LESSER OFFENSE, ORDER OF DELIBERATIONS, VERDICT FORM

(1)      As I explained to you earlier, the charge of _____ includes the lesser charge of

_____.

(2)      If you find the defendant not guilty of _____ [or if after making every

reasonable effort to reach a unanimous verdict on that charge, you find that you cannot agree],

then you must go on to consider whether the government has proved the lesser charge of

_____.

(3)      If you decide that the government has proved this lesser charge beyond a

reasonable doubt, say so by having your foreperson mark the appropriate place on the verdict

form.  If you decide that the government has not proved this lesser charge beyond a reasonable

doubt, say so by having your foreperson mark the appropriate place on the form.  Each of you

should then sign the form, put the date on it and return it to me.

**Use Note**

The bracketed language in paragraph (2) should be added if the court believes that the jurors
should be permitted to consider a lesser offense even though they have not unanimously
acquitted the defendant of the charged offense.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 8.07 (2014 Edition).

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 8.09 (2014 Edition).

## JUROR NOTES

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.


<u>Authority:</u>

Pattern Crim. Jury Inst. 6th Cir. 8.10 (2014 Edition).

**Addendum: Proposed Jury Verdict Forms**

Attached is an example of a verdict form for each count. Each contains a bracket indicating each

defendant charged in that count.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,    )    CASE NO.: 1:15CR228
    )
            Plaintiff,    )
      vs.    )    JUDGE DONALD C. NUGENT
    )
ROBERT TOTH,    )    <u>EXAMPLE</u>
    )    <u>VERDICT FORM-COUNT 1</u>
          Defendant.    )
    )

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

ROBERT TOTH, _____ (enter in ink "guilty" or "not guilty") of Deprivation

of Rights Under Color of Law and Aiding and Abetting Deprivation of Rights Under Color of

Law, in violation of Title 18, United States Code, Sections 242 and 2 as charged in Count 1 of

the Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2015.

1._____
   FOREPERSON

2._____

3._____

4._____

5._____

6._____

7._____

8._____

9._____

10._____

11._____

12._____

DATE: _____

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,     )   CASE NO.: 1:15CR228

          )

        Plaintiff,     )

    vs.     )   JUDGE DONALD C. NUGENT

          )

ROBERT TOTH,     )   <u>EXAMPLE</u>

          )   <u>VERDICT FORM-COUNT 2</u>

        Defendant.     )

          )

We, the Jury in this case, having been duly impaneled and sworn, find the defendant, ROBERT TOTH, _____ (enter in ink "guilty" or "not guilty") of Destruction, Alteration, or Falsification of Records in Federal Investigation and Aiding and Abetting Destruction, Alteration, or Falsification of Records in Federal Investigation, in violation of Title 18, United States Code, Sections 1519 and 2 as charged in Count 2 of the Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____ day of _____, 2015.

1._____
   FOREPERSON

7._____

2._____

8._____

3._____

9._____

4._____

10._____

5._____

11._____

6._____

12._____

DATE: _____

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,        )   CASE NO.: 1:15CR228
                                         )
            Plaintiff,           )
vs.                           )   JUDGE DONALD C. NUGENT
                                         )
ROBERT TOTH,               )   <u>EXAMPLE</u>
                                       )   <u>VERDICT FORM-COUNT 3</u>
            Defendant.      )
                                       )

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

ROBERT TOTH, _____ (enter in ink "guilty" or "not guilty") of Tampering

with a Witness, Victim or Informant, in violation of Title 18, United States Code, Section

1512(c)(2) as charged in Count 3 of the Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2015.

1._____
   FOREPERSON

2._____

3._____

4._____

5._____

6._____

7._____

8._____

9._____

10._____

11._____

12._____

DATE: _____

3